JOSEPH P. RUSSONIELLO (CASBN 44332)
United States Attorney

BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division

JEFFREY SCHENK (CASBN 234355)
Assistant United States Attorney

   U.S. Attorney's Office
   150 S. Almaden, 9th Floor
   San Jose, CA 95113
   Telephone: (408) 535-5061
   Facsimile: (408) 535-5066
   jeffrey.b.schenk@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No.: CR 09-00928-JF |
|    Plaintiff, ) | UNITED STATES' PRETRIAL CONFERENCE STATEMENT AND TRIAL MEMORANDUM |
| v. ) | |
| SETH SUNDBERG, ) | Hearing: December 18, 2008 |
|    Defendant. ) | Time: 11:00 AM |
| ) | Court: Hon. J. Fogel |

The United States of America, through its counsel Jeffrey Schenk, Assistant United States Attorney, hereby submits its Pretrial Conference Statement and Trial Memorandum in the above-captioned case.

I.  STATEMENT OF EVIDENCE

    A.    <u>Charges</u>

A federal grand jury returned a three count indictment against the defendant, Seth Sundberg, on September 23, 2009 charging him with a violation of 18 U.S.C. § 1341, mail fraud, 26 U.S.C. § 7206(1), fraud and false statements in tax return, and 18 U.S.C. § 287, false and fraudulent

1 claims. The defendant was arraigned on the indictment the same day. The last day for Speedy
2 Trial Act purposes is January 6, 2010.

3       B.      <u>Facts</u>

4 On April 14, 2009, Sundberg signed and filed an income tax return for the 2008 tax year.
5 Sundberg used the "OID tax fraud scheme." Sundberg reported $5,732,580 in interest income on
6 Line 1 of his Schedule B (Ordinary and Interest Dividends). He reported an "OID Adjustment"
7 (or prepaid tax) of $5,732,441 also on the Schedule B. In box 71 of his 1040, Sundberg falsely
8 claimed to have made total tax payments of $5,087,059. Thus, he claimed he was entitled to a
9 tax refund in the amount of $5,084,010. On May 29, 2009, the IRS issued Sundberg a tax refund
10 check in the amount of $5,083,609.25. Originally, Sundberg asked the IRS to electronically
11 deposit the refund into his bank account, but the IRS informed Sundberg that refunds larger than
12 $100,000 can only be disbursed via check. On June 3, 2009, Sundberg deposited the refund
13 check into a newly opened bank account at Borel Private Bank.

14       C.      <u>Original Issue Discount</u>

15 There are legitimate financial transactions that involve original issue discounts. Those
16 transactions are governed by Internal Revenue Code, Section 1275. Publication 550, Investment
17 Income and Expenses for 2008 tax returns, explains that OID is a form of imputed interest. A
18 Form 1099-OID is generally included in a taxpayer's income as it accrues over the term of the
19 debt instrument, whether or not the taxpayer receives any interest payments from the issuer. A
20 debt instrument generally has OID when the instrument is issued at a discount, i.e., at a price that
21 is less than the stated redemption price at maturity. OID is the difference between the stated
22 redemption price at maturity and the issue price.

23 For example, if a taxpayer pays $800 for a 10-year bond with a stated redemption price at
24 maturity of $1,000, the OID is $200 and the taxpayer must include the OID in income as it
25 accrues over the term of the bond - in this example, the OID would be $20 per year. The
26 taxpayer is required to pay tax on that imputed interest even though he did not actually receive it.

27
28

UNITED STATES' TRIAL BRIEF
CR 09-00928-JF       2

1   The issuer of the debt instrument (or the broker, if the instrument was held through a broker)
2   should give the taxpayer a Form 1099-OID, or a similar statement, if the total OID for the
3   calendar year is $10 or more. Form 1099-OID will show, in box 1, the amount of OID for the
4   part of the year that the taxpayer held the bond. It also will show, in box 2, the stated interest that
5   the taxpayer must include in his or her income. A copy of the Form 1099-OID will be sent to the
6   IRS.  If the taxpayer reports OID in an amount greater or less than the amount shown on the
7   Form 1099-OID, he must include an "adjustment" of the discrepancy.  That adjustment is
8   reported on Schedule B of the tax return.

       D.       <u>Sundberg's Fraudulent Use of OID</u>

10   There are numerous kinds of 1099-OID fraud that vary in their degree of complexity.  One
11   version is simply to invent amounts to treat as 1099-OID interest, then "adjust" those amounts by
12   another invented figure, all for the fraudulent purpose of generating a tax refund when no such
13   refund is due.  That is what Sundberg did.  In his 2008 tax return, he submitted schedules
14   showing huge amounts of interest income that there is no evidence he in fact received.  He offset
15   that fictitious income with an equally (or almost equally) large "OID adjustment."  Sundberg
16   then carried that fraudulent adjustment from his Schedule B to page two, line 62 ("Federal
17   income tax withheld from Forms W-2 and 1099") of his Form 1040, resulting in a huge, and
18   entirely undeserved, tax refund.

II.  STATEMENT OF THE LAW.

       A.       Violation of 18 U.S.C. § 1341 – Mail Fraud

       **1.**       **Elements of the offense**

In the first count of the indictment, the defendant is charged with committing mail fraud in violation of Section 1341 of Title 18 of the United States Code.  The elements of the offense are:

       1)       Scheme or plan to obtain money/property by making false statements

       2)       D knew statements were false

   3)  States were material

   4)  D acted w/ intent to defraud

   5)  D used/caused the mails to carry out part of scheme

 B. Violation of 26 U.S.C. § 7206(1) – False Statement on Tax Return

  **1.** **Elements of the offense**

In the second count of the indictment, the defendant is charged with making a false statement on a tax return in violation of Section 7206(1) of Title 26 of the United States Code. The elements of the offense are:

   1)  the defendant made and subscribed to income tax returns that contain false information as to a material matter

   2)  the defendant knew this information was false

   3)  the return contained a written declaration that it was signed subject to penalties for perjury

   4)  in making and filing the tax returns the defendant acted willfully

 C. Violation of 18 U.S.C. § 287 – False Claims Against the United States

  **1.** **Elements of the offense**

In the final count of the indictment, the defendant is charged with making false claims against the United States in violation of Section 287 of Title 18 of the United States Code. The elements of the offense are:

   1)  the defendant made or presented a claim upon/against the U.S.

   2)  the defendant knew the claim was false

III. <u>JENCKS, BRADY AND GIGLIO DISCLOSURE (Crim. L.R. 17.1-1(b)(1-3))</u>

 The United States has provided the defendant with copies of all reports, defendant's criminal history, witness interviews, and photographs known to the prosecution. Additional government witnesses statements will be provided to the defendant either before or immediately after the witness testifies.

The United States believes that it has supplied all materials which may be relevant as *Brady* material, and recognizes its obligation to continue to provide any such materials within its possession, custody or control.  The government also understands its continuing duty to comply with Rule 16 and will do so.

As of this date, the United States is not aware of any material exculpatory or impeachment information concerning the witnesses expected to testify in its case in chief that would be subject to disclosure pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *United States v. Bagley*, 473 U.S. 667 (1985), and/or *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991).

The United States requested discovery from the defendant by letters dated September 30, 2009, October 5, 2009, October 16, 2009, and November 2, 2009 for discovery pursuant to Federal Rules of Criminal Procedure, Rule 16, Rule 12.1 and Rule 26.2.  As of this date, the United States has received no discovery, including no witness statements from the defendant or alibi information.  The United States requests that the defendant be directed to comply with the discovery rules.

IV.   STIPULATIONS (Crim. L.R. 17.1-1(b)(4))

There are currently no stipulations.

V.   NEED FOR INTERPRETERS (Crim. L.R. 17.1-1(b)(5))

The government will not need interpreters for any witnesses it intends to call.

VI.   DISMISSAL OF COUNTS/ELIMINATION OF ISSUES (Crim. L.R. 17.1-1(b)(6))

The government does not anticipate the dismissal of any counts.

VII.   JOINDER/SEVERANCE (Crim. L.R. 17.1-1(b)(7))

There are no joinder or severance issues.

VIII.   INFORMANTS/PRIOR CONVICTIONS (Crim. L.R. 17.1-1(b)(8))

The government is not using any informants.

IX.   WITNESSES (Crim. L.R. 17.1-1(b)(9))

1  The United States may call any of the witnesses listed below. The United States reserves the
2 right to amend that list at any time prior to and during the trial, if necessary.
3  Witnesses:
4   Internal Revenue Service Employees:
5    Quyen Madrigal, Shauna Henline, and Tim Mathers.
6   Financial Institution Employees: depending on pretrial rulings and trial
7 management decisions of the United States, the government may call representatives from the
8 following financial institutions: Aegis, America's Servicing Co., Aurora Loan Servicing, Bank
9 of America, Bank United, Borel Private Bank Trust, Chase, Citimortgage, CMG Inc.,
10 Countrywide, Discover, First Florida Bank, First National Bank, First National Bank of Arizona,
11 First Premier Bank, Franklin Templeton Investor Services, GMAC, HSBC, Indymac, ING
12 Direct, John Hancock Life Insurance, Metropolitan Life Insurance, NFY Financial, Center State
13 Bank (Ocala National Bank), Paul Financial LLC, San Mateo Credit Union, Union Bank, US
14 Bank, Wachovia, Washington Mutual, Wells Fargo, and Wells Fargo Home Mortgage.
15 X.  EXHIBITS (Crim. L.R. 17.1-1(b)(10))
16  The United States may present any/all of the following exhibits:
17   • defendant's 2008 Income Tax Return Form 1040
18   • Schedule B from this tax return
19   • IRS tax refund check mailed to the defendant on May 29, 2009
20   • frivolous mail communications between Sundberg and the IRS
21   • Bank records from the above-listed banks (depending on the Court's
22    ruling on the government's motion *in limine* concerning 902(11) evidence)
23
24 XI. OBJECTIONS TO EXHIBITS OR TESTIMONY (Crim. L.R. 17.1-1(b)(11))
25  The government is not aware of any objections that the defendant has to any government
26 exhibits. Because the government has not been informed of any of the defendant's exhibits, the
27 government has not had an opportunity to consider whether it will raise any objections. In the
28

event the defendant or the government does raise any such objections, the government will attempt to resolve them.

XII. LEGAL ISSUES LIKELY TO ARISE AT TRIAL (Crim. L.R. 17.1-1(b)(12))

The United States will be filing motions *in limine* to preclude the defendant from raising irrelevant tax law claims. The government will attempt to spot additional trial issues for the Court in the form of *in limine* motions.

XIII. SCHEDULING (Crim. L.R. 17.1-1(b)(13))

The United States anticipates that presentation of its case-in-chief will last approximately between a few days and one week, depending on *in limine* rulings.

XIV. JURY VOIR DIRE (Crim. L.R. 17.1-1(b)(14))

If desired by the Court, the United States will submit proposed voir dire questions.

XV. JURY INSTRUCTIONS (Crim. L.R. 17.1-1(b)(14))

The United States will separately file proposed jury instructions.

XVI. OTHER ISSUES (Crim. L.R. 17.1-1(b)(15))

The United States requests an order compelling the defense to provide reciprocal discovery, including an exhibit list, to the government prior to trial.

DATED: December 15, 2009

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney


By: __/s/_____
JEFFREY B. SCHENK
Assistant United States Attorney