JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

JEFFREY B. SCHENK (CSBN 234355)
Assistant United States Attorney

   150 South Almaden Boulevard, Suite 900
   San Jose, California 95113
   Telephone: (408) 535-5061
   Facsimile: (408) 535-5081
   jeffrey.b.schenk@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | ) | No. CR 09-00928-JF |
|---|---|---|
|    Plaintiff, | ) | |
| | ) | UNITED STATES' SUPPLEMENTAL |
| v. | ) | SENTENCING MEMORANDUM |
| | ) | |
| SETH SUNDBERG, | ) | |
| | ) | Date: July 22, 2010 |
|    Defendant. | ) | Time: 10:00 a.m. |
| | ) | |

## I. INTRODUCTION

The United States hereby submits a supplemental sentencing memorandum in the above-referenced case. This memorandum serves to supplement the government's initial sentencing memorandum and address issues raised by the Court at previous sentencing hearings.

## II. DEFENDANT'S FAILURE TO MAKE RESTITUTION

A. Sundberg's refusal to provide information regarding the location of the stolen refund justifies the imposition of a custodial sentence at the high-end of the Guidelines.

On May 20, and July 8, 2009, this Court held sentencing hearings. At both hearings, the Court informed Sundberg that he could help the government and improve his argument for a lesser sentence by assisting the government in recovering the roughly $2,488,613.38 that

UNITED STATES' SUPPLEMENTAL SENTENCING MEMORANDUM
CR CASE # 09-00928-JF

remains unrecovered. On May 24 and July 16, 2010, the case agent visited Sundberg at the Santa Clara County Jail. Both times, the case agent gave Sundberg an opportunity to provide information regarding the location of the unrecovered funds. Both times, Sundberg declined to do so. On July 16, Sundberg asked for the weekend to consider his options and the case agent agreed to return on Monday.

On July 19, 2010, the case agent and I visited Sundberg at the Santa Clara County Jail. During this meeting, lasting over one hour, Sundberg asked several questions regarding this Court's desire for him to meet with the government and whether the Court would order him to meet with the government. I attempted to explain to Sundberg that the Court would not order him to meet nor cooperate with the government. I explained that I expected the Court and the government to look favorably upon Sundberg's assistance in locating unrecovered funds, but that the Court could not and would not order Sundberg to assist the government. At the end of the meeting, Sundberg declined to provide the government with any new information. Sundberg indicated that he intended to ask the Court about its desire for him to cooperate with the government at the hearing on July 22.

Clearly, Sundberg has no obligation to assist the government in recovering the outstanding portion of his fraudulently obtained tax refund. Similarly, Sundberg has no right to and does not deserve leniency from this Court. These criminal proceedings and his time in custody have not altered Sundberg's desire to profit from his fraudulent conduct. Therefore, the custodial portion of Sundberg's sentence is the only tool this Court maintains to punish Sundberg as well as to deter other defendants from committing similar fraud. In other words, this Court must send a clear message, through both general and specific deterrence, that Sundberg cannot trade a few years in custody for the opportunity to leave prison with $2.5 million waiting for him after release. In fact, even if the court imposes the sentence requested by the government, 71 months, Sundberg would receive the equivalent of over $35,000 for each month in custody, waiting for him upon his release. Through a custodial sentence, this Court should confirm the principle that crime doesn't pay. The government and Probation agree that a sentence at the high-end of Sundberg's applicable guideline range will do just that.

B. <u>Sundberg's sentence must deter future OID fraud and encourage restitution</u>.

Sundberg's refund was the largest tax refund check issued by the IRS to an individual employing the Original Issue Discount fraud scheme. According to the IRS, for returns filed in 2009, Sundberg's refund accounted for 7% of the refunds paid to taxpayers employing the OID scheme. Furthermore, Sundberg's outstanding refund, equal to roughly $2.5 million, accounts for nearly 13.5% of the outstanding refunds illegally obtained through the OID scheme.

Unfortunately, the OID scheme is a significant problem. Fraudulent taxpayers have attempted to receive over $24 trillion from the IRS through this scheme. A sentence at the high-end of the guideline range will send a significant deterrent message to future taxpayers contemplating tax fraud. Similarly, a significant custodial sentence for Sundberg will also serve the important function of impressing upon other defendants the importance of making full restitution to the government following the commission of OID tax fraud.

### III. CONCLUSION

For the reasons stated above, and for the reasons explained in the government's initial sentencing memorandum, the government urges the Court to impose sentence on July 22 and to impose the sentence recommended by the Probation Office and the government: a 71-month custodial sentence, 3 years of supervised release, a $100,000 fine, a $300 special assessment, and restitution in the amount of $2,488,613.38.

DATED: July 19, 2010                    Respectfully submitted,

                                        JOSEPH P. RUSSONIELLO
                                        United States Attorney


                                        ___/s/_____
                                        JEFFREY B. SCHENK
                                        Assistant United States Attorney